**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| THE UNITED STATES OF AMERICA FOR ) | |
| THE USE OF A.C. DELLOVADE, INC. ) | |
| ) | |
|         Plaintiff, ) | Civil Action Case No. _____ |
| ) | |
|      v. ) | |
| ) | |
| TETRA TECH TESORO, INC. ) | |
| SERVE:    CT Corporation System ) | |
|            4701 Cox Road, Suite 285 ) | |
|            Glen Allen, VA  23060 ) | |
| ) | |
| and ) | |
| ) | |
| TTEC-TESORO JOINT VENTURE ) | |
| SERVE:    CT Corporation System ) | |
|            4701 Cox Road, Suite 285 ) | |
|            Glen Allen, VA  23060 ) | |
| ) | |
| and ) | |
| ) | |
| TETRA TECH, INC. ) | |
| SERVE:    CT Corporation System ) | |
|            4701 Cox Road, Suite 285 ) | |
|            Glen Allen, VA  23060 ) | |
| ) | |
| and ) | |
| ) | |
| TETRA TECH EC, INC. ) | |
| SERVE:    CT Corporation System ) | |
|            4701 Cox Road, Suite 285 ) | |
|            Glen Allen, VA  23060 ) | |
| ) | |
| and ) | |
| ) | |
| LIBERTY MUTUAL INSURANCE ) | |
| COMPANY ) | |
| SERVE:    Corporation Service Company ) | |
|            Bank of America Center, ) | |
|            16th Floor ) | |
|            1111 East Main Street ) | |
|            Richmond, VA 23219 ) | |
| ) | |
|          Defendants. ) | |

## COMPLAINT

Plaintiff, the United States of America for the use and benefit of A.C. Dellovade, Inc., by and through its undersigned counsel, hereby files this Complaint against defendants, Tetra Tech Tesoro, Inc., Ttec-Tesoro Joint Venture, Tetra Tech, Inc., Tetra Tech EC, Inc., and Liberty Mutual Insurance Company, and in support thereof, avers as follows:

## THE PARTIES

1.       Plaintiff, the United States of America for the use of A.C. Dellovade, Inc. ("A.C. Dellovade"), is a Pennsylvania corporation with a principal place of business located at 108 Cavasina Drive, Canonsburg, Pennsylvania  15237.

2.       Defendant, Tetra Tech Tesoro, Inc. is, upon information and belief, a Virginia corporation with its principal place of business located at 5250 Challedon Drive, Virginia Beach, Virginia 23462.

3.       Defendant, Ttec-Tesoro Joint Venture is, upon information and belief, an entity of unknown incorporation, or a fictitious name, having an office located at 5250 Challedon Drive, Virginia Beach, Virginia 23462.

4.       Defendant, Tetra Tech, Inc. is, upon information and belief, a Delaware corporation with an office located at 5250 Challedon Drive, Virginia Beach, Virginia 23462.

5.       Defendant, Tetra Tech EC, Inc. is, upon information and belief, a Delaware corporation with its principal place of business located at 5250 Challedon Drive, Virginia Beach, Virginia 23462.

6.       Defendants Tetra Tech Tesoro, Inc., Tetra Tech, Inc. and Tetra Tech EC, Inc. are all identified as parties to a "Subcontract" with A.C. Dellovade for A.C. Dellovade's performance of certain work on a construction "Project" that serves as the basis for the instant

case.  A true and correct copy of the Subcontract is attached hereto and is incorporated herein as **Exhibit "A".**

7.    Defendant, Liberty Mutual Insurance Company ("Liberty") is a corporation with its principal place of business located at 175 Berkeley Street, Boston, MA 02116.

8.    It is believed that defendant Liberty is authorized to issue surety bonds in the Commonwealth of Virginia.

9.    Liberty, as surety, issued a payment bond dated April 10, 2013 in favor of the Project owner, the United States of America, as obligee, on behalf of Ttec-Tesoro Joint Venture, as the bond principal, for the benefit of any of the unpaid subcontractors that furnished labor, material, or both at the Project (the "Bond").  A redacted copy of the Bond received from the Owner pursuant to a Freedom of Information Act Request is attached hereto as **Exhibit "B"** and incorporated herein by reference as if fully set forth.

10.    It is believed, and therefore averred, that Tetra Tech Tesoro, Inc., Ttec-Tesoro Joint Venture, Tetra Tech, Inc. and Tetra Tech EC, Inc. (hereinafter referred to collectively as "Tetra Tech") are alter-egos, or that all are intended to be and are parties to the Subcontract and principals under the Bond.

## JURISDICTION AND VENUE

11.    This Court has jurisdiction over this matter pursuant to complete diversity of citizenship as described in 28 U.S.C. §1332.  This Court also has jurisdiction over this matter based on 40 U.S.C. § 3131, et seq. commonly known as the "Miller Act".

12.    Additionally, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

13.     Venue is proper in this District and Division pursuant to 28 U.S.C. §1391, as a substantial part of the events or omissions giving rise to this claim occurred in this District and Division.

14.     Venue is also appropriate in this District pursuant to 40 U.S.C. §3133(b)(3)(B) because this is the District in which the contract was to be performed and executed.

15.     Tetra Tech Tesoro, Inc., Ttec-Tesoro Joint Venture, Tetra Tech, Inc., and Tetra Tech EC, Inc. are subject to personal jurisdiction at the time of the commencement of this action due to their regularly conducting business in this District and Division.

16.     Defendant Liberty is also subject to personal jurisdiction at the time of the commencement of this action due to its regularly conducting business in this District and Division.

## FACTUAL BACKGROUND

17.     On or about May 11, 2015, A.C. Dellovade and Tetra Tech entered into the Subcontract.

18.     Pursuant to the Subcontract, A.C. Dellovade agreed to furnish and install, inter alia, metal wall panels and translucent panels on a construction project known as 900 Area, Phase 1 and 2 Design-Build FEMA Mount Weather Emergency Operations Center located in Mount Weather, Virginia (the "Project") for the United States of America (the "Owner").

19.     During the course of performing its Subcontract scope of work on the Project, A.C. Dellovade and Tetra Tech executed a written "Contract Modification" for A.C. Dellovade to supply and install aluminum and glass windows ("Additional Work").  A true and correct copy of the Contract Modification is attached hereto and incorporated herein as **Exhibit "C"**.

{21233.34/894374:}

4

20.    At all times throughout A.C. Dellovade's performance of its work, Tetra Tech observed and approved A.C. Dellovade's work on the Project, including but not limited to the Additional Work

21.    A.C. Dellovade completed all of its work under the Subcontract, including the Additional Work in a workmanlike manner.

22.    A.C. Dellovade submitted to Tetra Tech a Subcontractor Application for Payment dated April 14, 2016 for its Subcontract work and Additional Work ("Payment Application").  A true and correct copy of the Payment Application is attached hereto as **Exhibit "D"** and incorporated herein by reference as if fully set forth.

23.    The amount earned under the Payment Application is $741,642.00.

24.    To date, Tetra Tech has paid A.C. Dellovade only $499,069.00, leaving a balance due and owing of $242,573.00 ("Balance Owed").

25.    In accordance with the terms and conditions of the Bond, if Tetra Tech fails to pay its subcontractors, Liberty is required to pay Tetra Tech's subcontractors for furnishing labor and material on the Project.

26.    A.C. Dellovade was a subcontractor who furnished labor and material in the prosecution of the work at the Project.

27.    Thus, Liberty is responsible to pay A.C. Dellovade the Balance Owed.

28.    A.C. Dellovade has made demand for payment upon Tetra Tech and Liberty including, but not limited to, A.C. Dellovade's submission of a written claim on the Bond on or about January 4, 2017.

29.    Neither Tetra Tech nor Liberty has paid A.C. Dellovade the Balance Owed.

## COUNT I
### A.C. Dellovade v. Tetra Tech
### Breach of Contract

30.     The preceding Paragraphs are incorporated by reference as though fully set forth herein.

31.     A.C. Dellovade and Tetra Tech entered into a valid and binding Subcontract.  **See, Exhibits "A" & "C"**.

32.     A.C. Dellovade fully performed all of the Subcontract work directed by Tetra Tech.

33.     A.C. Dellovade completed all of its work under the Subcontract, including the Additional Work, in a workmanlike manner.

34.     A.C. Dellovade has satisfied all conditions precedent to its right to payment under the Subcontract.

35.     Despite repeated demands for payment, Tetra Tech has failed and/or refused to pay A.C. Dellovade the Balance Owed in the amount of $242,573.00.

36.     Tetra Tech's failure and/or refusal to pay A.C. Dellovade the Balance Owed constitutes a material breach of the terms of the Subcontract.

37.     As a direct and proximate result of Tetra Tech's material breach of the Subcontract, A.C. Dellovade has suffered damages, including but not limited to the outstanding balance of $242,573.00 and penalty interest under the Subcontract.

WHEREFORE, Plaintiff, A.C. Dellovade, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against Defendants, Tetra Tech Tesoro, Inc., Ttec-Tesoro Joint Venture, Tetra Tech, Inc. and Tetra Tech EC, Inc., jointly and severally, in the amount of $242,573.00, plus penalty interest, and such other relief as this Honorable Court deems just and proper.  Further, Plaintiff hereby demands a jury trial on all issues herein.

**COUNT II**
**A.C. Dellovade v. Liberty Mutual Insurance Company**
**Miller Act, 40 U.S.C.A. § 3131 *et seq.*, Payment Bond Claim**

38.     The preceding Paragraphs are incorporated by reference as though fully set forth herein.

39.     In accordance with the terms and conditions of the Bond, Liberty is obligated to pay A.C. Dellovade for furnishing labor and material and performing the authorized Additional Work on the Project.

40.     A.C. Dellovade, as a direct subcontractor to Tetra Tech, is a proper claimant under the Bond.

41.     Tetra Tech has not compensated A.C. Dellovade for furnishing labor and material under the Subcontract, or for performing the authorized Additional Work on the Project.

42.     It has been over 90 days after the day on which A.C. Dellovade performed the last of its labor or supplied materials for which this claim is made and less than one year has elapsed from the date the last of the material and labor was furnished and supplied for use on the Project.

43.     A.C. Dellovade has satisfied all conditions precedent required for payment under the Bond and for making this claim.

44.     Liberty has improperly failed and/or refused to honor its obligations under the Bond.

45.     Liberty's failure to pay A.C. Dellovade the Balance Owed constitutes a material breach of the terms of the Bond.

WHEREFORE, Plaintiff, the United States of America for the use of A.C. Dellovade, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against Defendants, Liberty Mutual Insurance Company, and Tetra Tech, jointly and severally, in the

amount of $242,573.00, plus interest and such other relief as this Honorable Court deems just and proper.  Further, Plaintiff hereby demands a jury trial on all issues herein.

Respectfully submitted,

A.C. DELLOVADE, INC.

By Counsel

_____/s/ Owen S. Walker_____.
Owen S. Walker (VSB No. 75543)
John Marshall Cook (VSB No. 36066)
SMITH PACHTER MCWHORTER PLC
8000 Towers Crescent Drive, Suite 900
Vienna, Virginia 22182
(703)847-6300 telephone
(703)847-6312 facsimile
owalker@smithpachter.com
jcook@smithpachter.com
*Counsel for Plaintiff*
*A.C. Dellovade, Inc.*